

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHARLES McCORVEY,                                      CASE NO.:

      Plaintiff,                    **99-1250**
                                         **CIV-DAVIS**
v.

BAXTER HEALTHCARE CORPORATION,

      Defendant.              **MAGISTRATE JUDGE
                                   BROWN** /

_____/

## <u>NOTICE OF REMOVAL</u>

Defendant Baxter Healthcare Corporation ("BHC"), pursuant to 28 U.S.C. §§ 1446(a) and 1332(a)(1), hereby gives notice of the removal of the referenced civil action from the Circuit Court, Eleventh Judicial Circuit, in and for Dade County, Florida, to the United States District Court, Southern District of Florida, Miami Division.  In support of this notice, BHC states:

1.      On or about December 31, 1998, Plaintiff commenced the subject action in the Circuit Court, Eleventh Judicial Circuit, in and for Dade County, Florida (the "State Court Action").  Process was served on BHC on April 1, 1999.  A copy of the Summons and Second Amended Products Liability Complaint is attached collectively as Exhibit "A".

2.      This Notice of Removal is made within 30 days of receipt by BHC of the Second Amended Products Liability Complaint setting forth the claim for relief.

3.      In addition to the Summons and Complaint, Defendant was served with Plaintiff's Interrogatories and Plaintiff's First Request for Production to Defendant.  Copies of these documents



are attached as Exhibits "B" and "C," respectively.

4.  The State Court Action asserts claims under the common law for personal injuries allegedly caused by a foley catheter distributed by BHC.

5.  Plaintiff is a resident of Dade County, Florida and is a citizen of the State of Florida.

6.  BHC is organized and existing under the laws of the State of Delaware with its principal place of business in Illinois. Therefore, BHC is a citizen of Delaware and of Illinois and is not a citizen of Florida. 28 U.S.C. § 1332(c)(1).

7.  Accordingly, the State Court Action is between citizens of different states within the meaning of 28 U.S.C. § 1332(a).

8.  Plaintiff alleges that he sustained "serious injuries to his person...severe shock to the nervous system and... extreme physical and mental pain" which, among other things, causes pain and suffering and impairs his ability to earn money. Plaintiff alleges his injuries and damages are "either permanent or continuing." Based on a "fair reading of the complaint," the amount of unliquidated and liquidated damages in controversy in the State Court Action, exceeds the sum or value of $75,000, exclusive of interest and costs. [1]

9.  Written notification of the filing of this Notice of Removal has been given to all parties in this action, and a copy of this Notice has been filed with the Clerk of the Circuit Court, Eleventh Judicial Circuit, in and for Dade County, Florida.

10.  This is an action between citizens of different states and the amount in controversy exceeds $75,000. This Court, therefore, has original jurisdiction of the action pursuant to 28 U.S.C.

---

[1] *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 246-47 (S.D. Fla. 1982); *see, e.g., Richman v. Zimmer, Inc.*, 644 F. Supp. 540, 542 (S.D. Fla. 1986); *Lee v. Altamil Corp.*, 457 F. Supp. 979, 981 (M.D. Fla. 1978).

§ 1332(a)(1) and removal under 28 U.S.C. § 1446(a) is proper.

WHEREFORE, Defendant BHC respectfully requests this Court to accept jurisdiction of this action under 28 U.S.C. § 1446(a) and 1332(a)(1).

Respectfully submitted,

RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.
Attorneys for Baxter Healthcare Corporation
200 East Broward Boulevard, 15th Floor
Post Office Box 1900
Fort Lauderdale, Florida 33302
(954)764-6660; Miami (305)789-2700
Fax: (954)764-4996

By:_____
Kevin J. O'Grady
Florida Bar No. 376590

McGUIRE, WOODS, BATTLE & BOOTHE, LLP
William W. Deem
Florida Bar No. 512834
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
Fax: (904) 798-3202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail this 30 day of April , 1999 to J. H. Zidell, 300 71st Street #605, Miami Beach, Florida 33141.

_____
Kevin J. O'Grady

FTL:416037:1

3

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

CHARLES MCCORVEY
     Plaintiff,

                                 Case No.: 98-29999 CA 02

vs.

BAXTER HEALTHCARE CORPORATION
     Defendant.

_____/

### *SUMMONS*

THE STATE OF FLORIDA:

To Each Sheriff of the State:

   YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on the registered agent of the defendant, C. T. Corp System, at 1200 South Pine Island Road, Plantation, FL 33324.

   The defendant is required to serve written defenses to the complaint or petition on J.H. ZIDELL, ESQ., plaintiff's attorney, whose address is 300 Seventy First Street, Suite 605, Miami Beach, Florida, 33141, within 20 days after service of this summons on that defendant, exclusive of the date of service, and to file the original of the defenses with the clerk of this court either before service on the attorneys or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____, 19___.

                    HARVEY RUVIN
                    As Clerk of the Court
                    By MARIA MUSTELIER
                    As Deputy Clerk

RECEIVED

APR 0 5 1999

LAW DEPARTMENT

EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

CHARLES MCCORVEY
Plaintiff,

Case No.: 98-29999 CA 02

vs.

RECEIVED

BAXTER HEALTHCARE CORPORATION
Defendant.

APR 5 1999

LAW DEPARTMENT

_____/

## 2ND AMENDED PRODUCTS LIABILITY COMPLAINT

COMES NOW THE PLAINTIFF, through his undersigned counsel, and alleges:

1. This is an action for damages in excess of $ 15,000.00 dollars exclusive of interest and costs.

2. Defendant, BAXTER HEALTHCARE CORPORATION, is and at all times mentioned in this Complaint was, a corporation organized and existing under the laws of the State of Florida.  Defendant has, and at all times mentioned in this Complaint has had, an office for transaction of its customary business in Dade County, Florida.

3. Defendant is and at all time mentioned in this Complaint was engaged in the business of selling a product known as a C. R. Bard foley catheter.

4. In 1995, the Defendant sold this said Bard foley catheter to Baptist Hospital of Miami, Incorporated.

5. Defendant intended that the subject product be used for the purpose of draining fluid from individuals such as the Plaintiff.

6. Defendant knew and intended that the product be purchased and used by Baptist Hospital patients without further assembly and without inspection for defects.

7.   On or about February 7 or 8, 1995, the Plaintiff purchased a defective Bard foley catheter, distributed by the Defendant, from Baptist Hospital of Miami, Inc.

8.   This product was defective and unsafe for its intended use in that its design, manufacture, or assembly resulted in injury to the Plaintiff from the product malfunctioning and breaking apart while inside of the Plaintiff's body.

9.   On or about February 7 or 8, 1995, Baptist Hospital of Miami, Inc., used this foley catheter on the Plaintiff for the purpose of medical treatment in draining bodily fluids. During the course of its use, and as a direct result of the defect described in Paragraph 8, above, the product malfunctioned and broke apart inside of the Plaintiff's body and was subsequently discovered on or about October 29, 1996 which was the date the Plaintiff realized the defective nature of the product.

10.  As a proximate result of the defect and resulting malfunction, the Plaintiff sustained serious injuries to his person. Plaintiff also sustained severe shock to the nervous system and was caused to suffer extreme physical and mental pain.

11.  As a further proximate result of the defect and resulting malfunction, Plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff requests judgment against the Defendant for all related and/or recoverable damages and requests a trial by jury.

Respectfully submitted,

J.H. Zidell
Attorney for Plaintiff
300 71st street #605
Miami Beach, Fla. 33141
F.B.N. 0010121
305-865-6766

By:_____
                    J.H. Zidell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was attached to the complaint for this action and served on the Defendant by a certified process server.

J.H. Zidell
Attorney for Plaintiff
300 71st street #605
Miami Beach, Fla. 33141
F.B.N. 0010121
305-865-6766

By:_____
                    J.H. Zidell

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

CHARLES MCCORVEY
  Plaintiff,

              Case No.: 98-29999 CA 02

vs.

BAXTER HEALTHCARE CORPORATION
  Defendant.

               /

## INTERROGATORIES

1. What is the name and address of the person answering these interrogatories, and if applicable, the official position or relationship with the party to whom the interrogatories are directed?

2. How did the incident described in the complaint happen, including all actions taken by you to prevent the incident?

3. What is the name of the manufacturer that produced the foley catheter that was introduced into the Plaintiff's person on or about February 7, 1995.
In detail what was the cause of the malfunction of the foley catheter that the Plaintiff purchased from Defendant on or about February 7, 1995.

5. (a) Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit?

  (b) If so, what is the name and address of each person or entity?

  (c) What is the legal basis for your contention and the facts or evidence upon which your contention is based?

  (d) Have you notified each person or entity of your contention?

6. What are the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit?

7. What is the subject matter about which each witness has knowledge?

8. (a) Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?

  (b) If so, what is the name and address of each person who made the statement or statements?

  (c) What is the name and address of each person who heard the statement or statements?

  (d) What is the date, time and place of each statement?

  (e) What is the substance of each statement?

16. (a) What is the name and address of every person known to you, your agents or attorneys who have knowledge about, or possession, custody or control of any

EXHIBIT "B"

model, plat, map, drawing, motion picture, video tape or photograph pertaining to any fact or issue involved in this controversy?

      (b)     What item does each person have?

      (c)     What is the name and address of the person who took or prepared the item?

      (d)     What is the date the item was taken or prepared?

17.    (a)     Do you intend to call any expert witnesses at the trial of this case?

      (b)     If so, what is the name and business address of each witness?

      (c)     What are the witness's qualifications as an expert and the subject matter upon which the witness is expected to testify?

      (d)     What is the substance of the facts and opinions to which the witness is expected to testify?

      (e)     What is a summary of the grounds for each opinion?

18.    (a)     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?

      (b)     If so, what are the terms of the agreement and the parties to it?

Respectfully submitted,

J.H. Zidell
Attorney for Plaintiff
300 71st street #605
Miami Beach, Fla. 33141
F.B.N. 0010121
305-865-6766

By:_____
              J.H. Zidell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was attached to the complaint for this action and served on the Defendant by a certified process server.

J.H. Zidell
Attorney for Plaintiff
300 71st street #605
Miami Beach, Fla. 33141
F.B.N. 0010121
305-865-6766

By:_____
              J.H. Zidell

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

CHARLES MCCORVEY
      Plaintiff,

                                                Case No.: 98-29999 CA 02

vs.

BAXTER HEALTHCARE CORPORATION
      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

COMES NOW THE PLAINTIFF, CHARLES MCCORVEY, through his undersigned counsel, hereby requests that Defendant, BAXTER HEALTHCARE CORPORATION, produce for inspection and/or copying by the undersigned counsel the following categories of documents:

1.     Any and all documents, files, records, or statements relating to the sale of C.R. Bard foley catheters to Baptist Hospital of Miami, Inc.

2.     Any and all documents pertaining, in whole or in part, to the Plaintiff that are currently in your possession, custody, or control, or which may be acquired by you.

3.     All documents which indicate, explain or refer to Plaintiff's hospital stay at Baptist Hospital of Miami, Incorporated.

4.     The specific date of sale of the malfunctioning Bard foley catheter introduced into the Plaintiff on or about February 7 or 8, 1995.

5.     All documents, not otherwise produced in response to another Request, identified by or used in preparing any Answer to any Interrogatory propounded by the Plaintiff.

6.     All purchase receipts for the Bard foley catheter from Baptist Hospital of Miami.

7.     All sales receipts regarding any and all sales to Baptist Hopital of Miami regarding catheters.

                                Respectfully submitted,

                                  **J.H. Zidell**
                            **Attorney for Plaintiff**
                           **300 71st street #605**
                        **Miami Beach, Fla. 33141**
                        **F.B.N. 0010121**
                        **305/865-6766**

By:_____
                      J.H. Zidell

EXHIBIT "C"

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was attached to the complaint for this action and served on the Defendant by a certified process server.

J.H. Zidell
Attorney for Plaintiff
300 71st street #605
Miami Beach, Fla. 33141
F.B.N. 0010121
305-865-6766

By:_____
J.H. Zidell

# CIVIL COVER SHEET 99-1250

CIV-DAVIS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE JUDGE
BROWN/
NIGHT BOX
FILED

APR 29 1999

CARLOS JUENKE
CLERK, USDC/SDFL/MIA

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHARLES McCORVEY, | BAXTER HEALTHCARE CORPORATION |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ___Dade___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A: Dade: 99CV1250|DAVIS|STB

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
J.H. Zidell, Esquire    (305) 865-6766
300 71st Street    Suite 605
Miami Beach, FL  33141

ATTORNEYS (IF KNOWN)
Kevin J. O'Grady, Esquire    (954) 527-2487
Ruden, McClosky, Smith, Schuster & Russell, PA
200 East Broward Boulevard, 15th Floor
Fort Lauderdale, FL  33301

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Personal Injury, Product Liability

**IVa.** _____ days estimated (for both sides) to try entire case

## V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   ☒ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability   **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine   ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability   ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle   ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability   ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting   **B PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations   Habeas Corpus | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare   ☐ 530 General * | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights   ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other *   ☐ 550 Civil Rights * A or B | | | * A or B |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

☐ 1. Original Proceeding
☒ 2. Removed From State Court
☐ 3. Remanded from Appellate Court
☐ 4. Refiled
☐ 5. Transferred from another district (Specify)
☐ 6. Multidistrict Litigation
☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A ☐ CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
Check YES only if demanded in complaint: ☒ YES
JURY DEMAND: ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions)
JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 4/29/99 | |

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 801653
Date Paid: 4/30/99
Amount: 150.00
M/ifp: _____